UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

Brian E. White II,                                                      )

                                        Plaintiff,                      )    **COMMPLAINT**
                                                                        )    **JURY TRIAL**
-against-                                                               )    **DEMANDED**
                                                                        )    **CIVIL ACTION No. :**
                                                                        )
Trooper Michael Moore  ,                                                )    25-CV-2454
                                                                        )
Individually ,                                                          )
                                                                        )
And as an employee of the New York Police Department.                   )
                                                                        )
                                                                        )
                                        Defendant.                      )

_____

Plaintiff, Brian E. White II, by and through his attorney, Ryanne Konan, hereby affirms to the best of his

knowledge, under the pains and penalties of perjury, as and for his First Complaint in this action against

Defendant Trooper Michael Moore  as follows:

### NATURE OF CLAIMS

1.   Plaintiff in the above captioned matter was a victim of false arrest and malicious prosecution, when

     Trooper Michael Moore, arrested and prosecuted Plaintiff on January 24, 2023, without probable

     cause.


2.   Plaintiff was falsely arrested, and maliciously prosecuted by the Defendant in the County of

     Dutchess without probable cause.

1

3. Accordingly, this action is brought to remedy a violation of the Fourth Amendment of the United States Constitution, actionable under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

4. This action arises under the Fourth Amendment of the United States Constitution actionable under 42 U.S.C. § 1983.

5. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Brian E. White II is a citizen of United States currently resides in the Poughkeepsie, Dutchess County, New York.

8. Defendant Michael Moore was a state trooper with the New York State Police Department at the time of the incident and upon information and belief, a citizen of New York. Trooper Michael Moore had an office at 18 Middlebush Rd, Wappingers Falls, NY 12590.

## FACTUAL ALLEGATIONS

9. Plaintiff currently resides in Poughkeepsie, New York.

2

10. On January 24, 2023, Plaintiff was a passenger in the front seat of car , traveling eastbound on Baker Street, Poughkeepsie, New York. Trooper Moore (trooper hereinafter) pulled the car over. The trooper alleged that the car has tinted window. The trooper asked for Identification, which I provided at that time. The trooper asked me to step out of the car, pat me down without consent, and directed me to sit on the ground. The trooper , without Plaintiff's consent, put his hand into Plaintiff's pocket, and forcibly searched Plaintiff. Plaintiff was brought to the trooper's station,  where he was detained, and charged with the felony complaint of  Criminal Possession of Controlled Substance in the Third Degree in violation of New Yok Penal Law Section (NYPL) 220.16(1), Criminal Possession of Controlled Substance in the Fourth Degree in violation of NYPL 220.09(01), a Misdemeanor complaint of Criminal Possession of Cannabis 3 in violation of  NYPL 222.30(01),  Criminal Use of Drug Paraphernalia 2nd in violation of NYPL 220.50,  Criminal Possession of a controlled substance in the seventh degree in violation of NYPL 220.03.

11. Plaintiff was put on house arrest from January 24, 2023 to April 2023. On December 6, 2024, all charges against Plaintiff were dismissed. Plaintiff was never indicted on the felony charges, and the charges cannot be brought again.

## FOR THE FIRST CAUSE OF ACTION BASED UPON FALSE ARREST
42 U.S.C. § 1983
(Against  Trooper  Michael Moore)

12. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-11 of this Complaint with the same force and effect as if fully set forth herein.

13. By its acts and practices described above, Defendant, Trooper Michael Moore (Defendant hereinafter) deprived  Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of  42 U.S.C. § 1983, including, without limitation,

rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution, by, *inter alia* : false arrest thereby causing serious harm to Plaintiff's health, reputation and emotion, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage.

14. That all times herein after mentioned Defendant wrongfully and intentionally detained and falsely arrested Plaintiff a.

15. That Defendant detained, arrested Plaintiff and placed Plaintiff under arrest.

16. That Defendant intended to arrest Plaintiff.

17. That Defendant held Plaintiff by his both hands and put Plaintiff in handcuffs.

18. That Plaintiff's arrest was based on the accusatory instruments drafted by Defendant.

19. That the arrest was warrantless.

20. That Plaintiff was falsely arrested and charged , with the felony complaint of Criminal Possession of Controlled Substance in the Third Degree in violation of New Yok Penal Law Section (NYPL) 220.16(1), Criminal Possession of Controlled Substance in the Fourth Degree in violation of NYPL 220.09(01), Misdemeanor complaints of Criminal Possession of Cannabis 3 in violation of NYPL 222.30(01), Criminal Use of Drug Paraphernalia 2nd in violation of NYPL 220.50, Criminal Possession of a controlled substance in the seventh degree in violation of NYPL 220.03.

4

21. That Plaintiff was conscious of the confinement, and Plaintiff did not consent to the confinement. Plaintiff stated that he was innocent and should not be arrested. Plaintiff further stated that he did not commit a crime.

22. That all charges were dismissed against Plaintiff on December 06, 2024.

23. That the confinement was not otherwise privilege.

24. That the officers acted extra judicially.

25. That Plaintiff's arrest was unlawful.

26. That Plaintiff was incarcerated, and after his release, could not leave the jurisdiction of the Court until the charges had been dismissed.

27. The wrongful, unjustifiable, and unlawful apprehension, detention, imprisonment of Plaintiff were carried out without a warrant, without Plaintiff's consent, and without probable cause, in violation of the rights guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution.

28. The Officer Defendant's actions were without authority of law and were an abuse of the Officer Defendant , and the Officer Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendment of the United States Constitution as made actionable by 42 U.S.C. § 1983.

5

29.  Defendant acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

30.  In taking the actions complained of in the foregoing paragraphs, the Officer Defendant acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employment as New York State Police Department.

31.  As a direct and proximate result of Defendant's false arrest, Plaintiff has suffered physical and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional, psychological harm.

32.  As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

**WHEREFORE**, Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE SECOND CAUSE OF ACTION BASED UPON  MALICIOUS PROSECUTION
42 U.S.C. § 1983
(Against  Trooper Michael Moore)

6

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 12-32 of this Complaint with the same force and effect as if fully set forth herein.

34. By its acts and practices described above, Defendant, Trooper Michael Moore deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth Amendment of the United States Constitution, by, *inter alia* : malicious prosecution, thereby causing Plaintiff serious emotional and physical harm, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

35. That Plaintiff was wrongfully and intentionally and maliciously prosecuted in Dutchess County, City of Poughkeepsie Criminal Court.

36. That the charges against Plaintiff were baseless, and the information was without probable cause.

37. That Plaintiff was falsely arrested and charged , with the felony complaint of Criminal Possession of Controlled Substance in the Third Degree in violation of New Yok Penal Law Section (NYPL) 220.16(1), Criminal Possession of Controlled Substance in the Fourth Degree in violation of NYPL 220.09(01), a Misdemeanor complaint of Criminal Possession of Cannabis 3 in violation of NYPL 222.30(01), Criminal Use of Drug Paraphernalia 2nd in violation of NYPL 220.50, Criminal Possession of a controlled substance in the seventh degree in violation of NYPL 220.03.

38. That Plaintiff's prosecution was commenced on January 24, 2023, and continued until December 06, 2024 when all charges were dismissed.

7

39. That Trooper Michael Moore drafted and signed the accusatory instruments.

40. That  the trooper drafted, signed and filed the accusatory instruments with the Court accusing

    Plaintiff of the felony complaint of  Criminal Possession of Controlled Substance in the Third

    Degree in violation of New Yok Penal Law Section (NYPL) 220.16(1), Criminal Possession of

    Controlled Substance in the Fourth Degree in violation of NYPL 220.09(01), a Misdemeanor

    complaint of Criminal Possession of Cannabis 3 in violation of  NYPL 222.30(01),  Criminal Use of

    Drug Paraphernalia 2nd in violation of NYPL 220.50,  Criminal Possession of a controlled substance

    in the seventh degree in violation of NYPL 220.03.

41. That the  Officer Defendant forwarded  the accusatory instrument to the district attorney office as

    well.

42. That the Defendant initiated , commenced, and continued the criminal proceedings against Plaintiff.

43. That all charges against Plaintiff were dismissed on December 06, 2024, before the City of

    Poughkeepsie Criminal Court.

44. That the criminal proceeding against Plaintiff terminated in a manner that the proceeding cannot be

    brought again.

45. That the criminal proceeding terminated in favor of Plaintiff.

46. That the arrest of January 24, 2023 was not based on probable cause.

8

47. That the Officer Defendant had no probable cause to arrest Plaintiff.

48. That the initiation and continuation of prosecution proceedings against Plaintiff were malicious.

49. That the officer is not entitled to qualify immunity.

50. That the Officer Defendant deprived Plaintiff of the constitutional rights secured by the Fourth and actionable under 42 U.S.C. § 1983, and took numerous overt steps in furtherance of such deprivation by maliciously prosecuting Plaintiff without probable cause.

51. In taking the actions complained of in the foregoing paragraphs, the Officer Defendant acted under pretense and color of state law, in their individual and official capacities, and within the scope of his respective employment as New York State Police Department Officer.

52. The Officer Defendant's actions were without authority of law and were an abuse of the Officer Defendant, and the Officer Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendment of the United States Constitution as made actionable by 42 U.S.C. § 1983.

53. Defendant acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

54. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff has suffered physical and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional harm.

55. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

**WHEREFORE**, Plaintiff seeks judgment against the officer Defendant in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows :

a) Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, loss of wages, loss of career, family and social disruption and other grievous harm, in an amount to be determined at trial;

b) Awarding compensatory damages for all economic loss in an amount to be determined at trial;

c) Awarding punitive damages in an amount to be determined at trial; and

d) Granting pre-and post-judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.

10

Dated:  At Wappingers Falls, New York
       March 21 , 2025

By:   /s/ryannekonan

Ryanne Konan, Esq. (RK2889)
4 Marshall Road, Suite 107
Wappingers Falls, NY 12590
Tel: (888) 536-1434
Fax: (845) 231-0508
Konanlawoffice@gmail.com

11